IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-cv-00344-FDW-SCR

JOHN DOE and JANE DOE,

        **Plaintiffs,**

vs.

MARRIOTT INTERNATIONAL, INC.; CWI 2 CHARLOTTE HOTEL, LP, CHARLOTTE 2 HOTEL OPERATOR, LLC, PARKING MANAGEMENT COMPANY,

        **Defendants.**

**DEFENDANTS MARRIOTT INTERNATIONAL, INC., CWI 2 CHARLOTTE HOTEL, LP, and CHARLOTTE 2 HOTEL OPERATOR, LLC'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

**TRIAL BY JURY REQUESTED**

**COMES NOW** Defendants Marriott International, Inc., CWI 2 Charlotte Hotel, LP, and Charlotte 2 Hotel Operator, LLC (collectively referred to as "Defendants"), by and through undersigned counsel, and file this Answer to Plaintiffs' Amended Complaint in the above-captioned action and show the Court as follows:

### FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine of contributory negligence.

### SECOND DEFENSE

Plaintiffs' claims are barred pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure failure to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims against Defendant CWI 2 Charlotte Hotel, LP are barred by insufficient service of process pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

Plaintiffs have failed to join necessary and indispensable parties without which this Court

cannot accord complete relief pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE AND BY WAY OF ANSWER

Defendants answer the numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1. The allegations in this paragraph are admitted.

2. The allegations in this paragraph are admitted.

3. Defendants admit that CWI 2 Charlotte Hotel, LP, is incorporated in Delaware and is authorized to do business in North Carolina. The remaining allegations in this paragraph are denied.

4. Defendants admit that Charlotte 2 Hotel Operator, LLC, is incorporated in Delaware and is authorized to do business in North Carolina. The remaining allegations in this paragraph are denied.

5. Defendants admit that Marriot International, Inc., is incorporated in Delaware and is authorized to do business in North Carolina. The remaining allegations in this paragraph are denied.

6. Defendants admit that Parking Management operated a parking garage attached to Charlotte Marriott City Center Hotel. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

7. The allegations in this paragraph are admitted.

8. The allegations in this paragraph are admitted.

## FACTUAL BACKGROUND

9. The allegations in this paragraph are denied.

10. Defendants lack sufficient information or knowledge to admit or deny the

allegations in this paragraph.

11. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

12. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

13. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

14. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

15. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

16. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

17. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

18. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

19. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

20. Defendants admit the Hotel is located in Charlotte, North Carolina. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

21. Defendants lack sufficient information or knowledge to admit or deny the

allegations in this paragraph.

22. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

23. The allegations in this paragraph are denied.

24. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

25. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

26. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

27. The allegations in this paragraph are denied.

28. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

29. The allegations in this paragraph are denied.

30. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

31. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

32. The allegations in this paragraph are denied.

33. The allegations in this paragraph are admitted.

34. The allegations in this paragraph are denied.

35. The allegations in this paragraph are denied.

36. Defendants lack sufficient information or knowledge to admit or deny the

allegations in this paragraph.

37. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

38. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

39. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

40. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

41. Defendants admit at approximately 4:15 a.m. on the morning of April 8, 2022, Plaintiff John Doe called the front desk of the Hotel and reported some kind of altercation. The remaining allegations in this paragraph are denied.

42. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

43. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

44. Defendants admit Mr. Peay was not a registered guest of the Hotel at the time of the alleged incident. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

45. Defendants admit that Mr. Peay entered John Doe's room at approximately 4:00 a.m. on the morning of April 8, 2022, and that he was not questioned or apprehended by hotel staff prior to entering John Doe's room. The remaining allegations in this paragraph are denied.

46. The allegations in this paragraph are denied.

47. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

48. The allegations in this paragraph are denied .

49. The allegations in this paragraph are denied.

## COUNT I – NEGLIGENCE – PREMISES LIABILITY
### (On behalf of John Doe against all Defendants)

50. Defendants reallege and incorporate herein all of its responses contained in the prior paragraphs 1 – 49 above as if fully restated.

51. Defendants admit that Marriot Hotel Services, LLC, was the operator of the Hotel at the time of the incident, and that Marriot Hotel Services, LLC, had a duty to keep the Hotel in a reasonably safe condition for lawful visitors. The remaining allegations in this paragraph are denied.

52. The allegations in this paragraph are admitted.

53. Defendants admit that the operator of the Hotel, Marriot Hotel Services, LLC, owed John Doe a duty to keep the Hotel in a reasonably safe condition. The remaining allegations in this paragraph are denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Defendants admit that the operator of the Hotel, Marriot Hotel Services, LLC, knew Mr. Peay was at the Hotel almost as soon as he arrived. The remaining allegations in this paragraph are denied.

57. Defendants admit that Marriot Hotel Services, LLC, as the operator of the Hotel at the time of the incident, had a duty to keep the Hotel in a reasonably safe condition for lawful visitors. The remaining allegations in this paragraph are denied.

58. The allegations in this paragraph are denied.

59. The allegations in this paragraph are denied.

60. The allegations in this paragraph are denied.

## COUNT II – NORTH CAROLINA DECEPTIVE TRADE PRACTICES ACT
## N.C.G.S. § 75-1.1
**(On behalf of John Doe against Marriott International, the Hotel Owner and the Hotel)**

61. Defendants reallege and incorporate herein all of their responses contained in the prior paragraphs 1 – 60 above as if fully restated.

62. The allegations in this paragraph are denied.

63. The allegations in this paragraph are denied.

64. The allegations in this paragraph are denied.

65. The allegations in this paragraph are denied.

66. The allegations in this paragraph are denied.

67. The allegations in this paragraph are denied.

68. The allegations in this paragraph are denied.

69. The allegations in this paragraph are denied.

70. Defendants admit that the Hotel Operator had a duty to keep the Hotel in a reasonably safe condition for lawful visitors. The remaining allegations in this paragraph are denied.

71. The allegations in this paragraph are denied.

72. The allegations in this paragraph are denied.

73. The allegations in this paragraph are denied.

## COUNT III – NEGLIGENCE PER SE
**(On behalf of Plaintiff John Doe Against Marriott International, the Hotel Owner and the Hotel Operator)**

74. Defendants reallege and incorporate herein all of their responses contained in the prior paragraphs 1 – 73 above as if fully restated.

75. The allegations in this paragraph are admitted.

76. The allegations in this paragraph are admitted.

77. The allegations in this paragraph are admitted.

78. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

79. The allegations in this paragraph are denied.

80. The allegations in this paragraph are denied.

## COUNT IV – LOSS OF CONSORTIUM
**(On behalf of Plaintiff Jane Doe against all Defendants)**

81. Defendants reallege and incorporate herein all of their responses contained in the prior paragraphs 1 – 80 above as if fully restated.

82. The allegations in this paragraph are denied.

83. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

84. Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

85. The allegations in this paragraph are denied.

## PUNITIVE DAMAGES

86. Defendants reallege and incorporate herein all of their responses contained in the prior paragraphs 1 – 85 above as if fully restated.

87. The allegations in this paragraph are denied.

88. The allegations in this paragraph are denied.

Defendants deny that Plaintiffs are entitled to any relief, including but not limited to, that specific relief requested and enumerated in the Amended Complaint. Any and all allegations in Plaintiffs' Amended Complaint that have not been expressly admitted hereinabove are hereby denied. These answering Defendants further request that this Court deny Plaintiffs the relief sought and dismiss the Amended Complaint in its entirety.

Respectfully submitted this 10th day of June 2024.

COZEN O'CONNOR

/s/ Charles A. Kinney
Charles A. Kinney
Fed. ID No. 10580
NC State Bar No.: 41367
301 South College Street, Suite 2100
Charlotte, NC 28202
Telephone: 704.348.3400
Email: cakinney@cozen.com

-and-

/s/ Thomas G. Tidwell
Thomas G. Tidwell
GA State Bar No.: 712110
1230 Peachtree Street NE, Suite 400
Atlanta, GA 30309
Telephone: 404.572.2088
Email: ttidwell@cozen.com
*Pro Hac Vice* Application Forthcoming

*Attorneys for Defendants Marriott International, Inc., CWI 2 Charlotte Hotel, LP, and Charlotte 2 Hotel Operator, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Lee A. Floyd
Jeffrey A. Breit
Sarah G. Sauble
BREIT BINIAZAN, PC
2100 East Cary Street, Ste. 310
Richmond, VA 23223
Telephone: 757.992.8462
E-mail: Lee@bbtrial.com
Jeffrey@bbtrial.com
Sarah@bbtrial.com
*Counsel for Plaintiffs*

Todd A. King
CRANFILL SUMNER LLP
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: 704.332.8300
E-mail: tking@cshlaw.com
*Counsel for Parking Management Company*

This 10th day of June 2024.

/s/ Charles A. Kinney
*Attorney for Defendants Marriott International, Inc., CWI 1 Charlotte Hotel, LP and Charlotte 2 Hotel Operator, LLC*