IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-344-SCR

| | |
|---|---|
| JOHN DOE and JANE DOE,<br>    Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| MARRIOTT INTERNATIONAL, INC., et al.<br>    Defendants. | )<br>) |

## CONSENT PROTECTIVE ORDER

The parties possess trade secrets and/or other confidential, propriety, and commercially sensitive information and personal identifying information or personal health information that each may need to disclose to the other during discovery in the above-captioned matter (the "Action"). The parties have, through counsel, stipulated to the entry of this Protective Order ("Order"), pursuant to Rule 26 of the Federal Rules of Civil Procedure to facilitate discovery in the Action while protecting such confidential information from improper disclosure and use.

The parties have established good cause for the entry of this Order.

**THEREFORE, IT IS ORDERED AS FOLLOWS**:

1. **DEFINITIONS**

    1.1 "Material" means documents or other information, including electronically stored information, within the meaning of Fed. R. Civ. P. 34 produced in this Action, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement, other than documents that are publicly available; interrogatory or other discovery responses; responses to request for admissions and deposition testimony taken in this action, exhibits thereto and/or any videos or transcripts thereof, whether in written or computer format, and all contents of the foregoing.

1.2     "Confidential" or "Confidential Material" means any document, material, or information the Producing Party believes in good faith constitutes or discloses information that qualifies for protection pursuant to Fed. R. Civ. P. 26(c), specifically information that identifies or could reasonably lead to the identification of parties who are proceeding in this action anonymously, is trade secret as defined by the Uniform Trade Secrets Acts, and/or research, development, or other proprietary and/or commercially sensitive information and any other confidential or proprietary information not generally available to the public, disclosure of which may result in harm to the party's competitive position.

Confidential Material may also include documents and information that contain personal medical information or other personal information pertaining to patients; and Protected Health Information (PHI) and individually identifiable health information that is protected from unauthorized disclosure by the HIPAA, codified in 45 C.F.R. §§ 160, 164. "Producing Party" means any party or non-party producing Material or Confidential Material in this Action, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

1.3     "Receiving Party" means any party that receives Material or Confidential Material from a Producing Party in this Action, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

1.4     "Designating Party" means any party that designates as "Confidential" or "Confidential Material" any Material produced by that party, another party, or a non-party, or any non-party that designates information or material that it produces in this Action as confidential, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

1.5     "Attorneys of Record" means any attorney of record for any of the parties to this Action, members of the firm of the attorneys of record for the parties, and any in-house attorneys

who are employed by the parties.

## 2. DESIGNATING MATERIAL AS CONFIDENTIAL

2.1 Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Confidential Material must be clearly designated "CONFIDENTIAL" when the Material is disclosed or produced. If a Producing Party discovers that Confidential Material inadvertently was not designated as "CONFIDENTIAL" when it was produced, the Producing Party, within a reasonable time, may notify Counsel for the opposing party and may provide a substitute production bearing the designation of "CONFIDENTIAL."

a. For information in documentary form (apart from transcripts of depositions), the Producing Party must affix the legend "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" at the bottom of each page (within printable margins of the document and not covering any text) that contains Confidential Material.

A party or non-party that makes original Materials available for inspection need not designate them for protection until after the Receiving Party has indicated which Material it would like copied and produced. During the inspection and before the designation, all of the Material made available for inspection shall be treated as Confidential Material. After the Receiving Party has identified the documents he/she/it wants copied and produced, the Producing Party may designate documents as Confidential Material in accordance with the terms of this Order. The Producing Party must affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at the bottom of each page that contains Confidential Material.

b.  For testimony given in deposition proceedings: All witnesses to whom Confidential Materials are disclosed must either:

    i.  agree in writing to the non-disclosure agreement attached hereto as <u>Exhibit A</u>, and are hereby ordered (1) to maintain Confidential Materials in confidence and (2) not to disclose Confidential Materials to anyone other than in accordance with the terms of this Protective Order;

  OR

    ii.  Any deponent who agrees on the record to adhere to the following directive: "There is a confidentiality order in effect in this litigation. We have a copy you can review, if you request. But the parties have agreed to the following explanation, instead of taking the time for you to review the order. Under the confidentiality order, you are required to hold in confidence any confidential information you are shown or otherwise provided during the course of this deposition. You cannot disclose confidential contents to anyone. They are only being used for the purposes of this deposition and cannot be used or disclosed to anyone else, which means you cannot talk about or otherwise share or discuss their contents. If you violate these directives under the confidentiality order, you may be subject to sanctions by the Court and by any other remedies the parties to this litigation may seek. Do you understand that you are required to follow these requirements?" The deponent may not change this agreement with an Errata.

c.  Confidential Materials disclosed at a deposition may be designated by a party as Confidential Materials by indicating on the record at the deposition that the specific part of

the testimony and/or any exhibits marked for identification is confidential, and is subject to the provisions of the Protective Order. Counsel for any party may exclude from the room during any portion of a deposition any person not entitled under this Protective Order to receive Confidential Materials while such materials are being disclosed and/or discussed. Alternatively, a party may designate Confidential Materials disclosed at such depositions as confidential by notifying all persons appearing on the record at the deposition in writing, within thirty (30) days of receipt of the witness's transcript, of the specific pages and lines of the transcript which contain Confidential Materials. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his or her possession, custody or control. During such thirty (30) day period, the deposition transcript and all exhibits thereto shall be treated as Confidential Material. To the extent that filings are required with the Court within this thirty (30) day period, the parties will meet and confer to attempt to determine whether any portion of the deposition should be designated as confidential.

d. For Confidential information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

2.2 By making Confidential Materials available during the course of this Action, the Producing Party does not waive any trade secret or other confidential protection that might otherwise be afforded over those Materials. Furthermore, by designating any Confidential Materials as "CONFIDENTIAL," the parties do not acknowledge or agree that any such Confidential Materials are relevant, admissible, or discoverable in this Action. This Protective

Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any Material in this Action.

2.3     Inadvertent Failures to Designate as Confidential. Inadvertent failure to designate Materials at the time of production as Confidential does not, standing alone, waive the Producing Party's right to thereafter designate such Materials as Confidential.

2.4     Inadvertent failure to designate Materials as Confidential at the time of production may be remedied by supplemental written notice and by production of replacement Materials with the "CONFIDENTIAL" designation. Upon such notice and replacement production, the Receiving Party shall use his/her/its best efforts to destroy the previously-produced Materials and shall make reasonable efforts to ensure that the Material is treated as Confidential. The inadvertent disclosure by the Producing Party of Confidential Materials, regardless of whether such Materials were so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific Materials disclosed or as to any other Confidential Materials relating thereto or on the same or related subject matter.

If the Receiving Party in good faith wishes to challenge the Confidentiality designation under this section, it may do so after meeting and conferring with the Producing Party and after emailing the Court (with the Producing Party copied on the email) to inquire as to the manner in which the Court prefers to address the dispute; no motions may be filed without leave of Court. The Producing Party bears the ultimate burden of establishing that the Material is entitled to protection.

2.5     The terms of this Order shall in no way affect the right of the Producing Party to withhold Material(s) on the grounds of immunity from discovery, including the attorney client privilege, joint defense privilege, work product doctrine, or any other applicable privilege, all of

which must be recognized under the law, or to exclude from production Material(s) on the grounds that such Material(s) are beyond the scope of discovery defined in Fed. R. Civ. P. 26(b)(1).

Inadvertent production or other disclosure of Material(s) subject to work-product immunity, the attorney-client privilege, joint defense privilege, or other legal privilege or protection that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the Producing Party promptly notifies the Receiving Party after the Producing Party becomes aware of such inadvertent production. Upon notification, the Receiving Party shall immediately return, sequester or destroy the inadvertently-produced Material(s) and all copies as well as notes, summaries, and/or work product reflecting the contents of such materials. If only a portion of the Material(s) is privileged, the Producing Party shall provide a new version of the Material(s) in which the privileged information has been redacted. No further use or disclosure shall be made of the inadvertently-produced Material(s), and the Receiving Party shall take all reasonable and appropriate steps to retrieve the Material(s), and all copies, from any person who has received Material(s) through the Receiving Party. The parties shall have the benefit of all limitations on waiver afforded by the Federal Rules of Civil Procedure and Federal Rules of Evidence 501 and 502.

If a Producing Party claws back Material(s) under this paragraph that is/are identified for use at or attempted to be used at a deposition, and if the Producing Party refuses to allow the deponent to be questioned regarding the clawed back Material(s), the parties acknowledge that they shall attempt to bring the issue to the attention of the Court during the deposition. If the Court is unable to address the issue at the time raised, the Producing Party may make an oral motion for protective order pursuant to Fed. R. Civ. P 30(d)(3) and instruct the witness not to answer any questions about the subject Material(s), but the parties may meet and confer after the deposition to

address those issues and, if necessary and appropriate, jointly contact the Court with regard to the issue or agree to table the issue until such time as they can further meet and confer. In the event the parties later agree, or the Court later rules, that the subject Materials are not privileged and/or that the deponent may be questioned about the subject Materials, the Producing Party shall be responsible for all logistics necessary to reconvene the deposition at a mutually convenient time, date, and place to permit the witness to be questioned about the subject Materials, and the Producing Party shall pay court reporter costs and any third-party witness costs for the reconvened deposition as well as any costs, including legal fees, which the Court may award.

2.6     Corrected Designation. If it comes to a Producing Party's attention that Material he/she/it previously designated as Confidential Material is not confidential under the terms of this Order, the Producing Party shall notify Counsel for the opposing party that he/she/it is withdrawing the confidentiality designation. In such case, the Producing Party shall re-produce the Material without any Confidentiality markings.

3.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

3.1     Timing of Challenges. Any party may challenge a designation of confidentiality within a reasonable time after the party first believes that certain Material designated as Confidential should not be so designated. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed, but shall do so within a reasonable time.

3.2     Procedure for Parties Challenging Confidentiality Designations. A party may challenge the designation of Confidential Materials as follows:

> In the event that any party disagrees with the designation by the Producing Party of Confidential Materials as being Confidential, the parties shall first try to dispose of such

dispute in good faith on an informal basis by conferring directly with counsel for the Producing Party. The party challenging the confidentiality designation shall provide to the Producing Party written notice of that disagreement, stating the reason(s) for the challenge. During the 10-day period following the receipt of the written notice to the Producing Party, the party challenging the confidentiality and the Producing Party shall try to resolve such challenge in good faith on an informal basis (the "Meet and Confer Period").

If the dispute cannot be resolved, the party challenging the designation may email the Court (with the opposing party copied on the email) and seek leave of Court to present the dispute, even within the meet and confer period if such guidance is needed from the Court. Any objections to such a designation, when made, shall be in writing and shall specify the nature of any objection. Any Materials that are being challenged shall remain as Confidential Materials under the terms of this Protective Order until the Court makes a determination otherwise. The Producing Party bears the ultimate burden of establishing that the Material is entitled to protection.

4. **PROCEDURE FOR FILING DOCUMENTS UNDER SEAL**

4.1 Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this Action any Confidential Materials. In the event disclosure of sealed materials is sought, no portion of the materials thus sealed shall be released except upon notice to the Producing Party made by the party seeking disclosure, proof of which shall be made to the Court, and after a full opportunity for hearing upon the matter.

4.2 Confidential Material shall not be filed with the Court except when required in connection with matters pending before the Court. Any documents (including briefs), tangible

things, or information designated as Confidential Material that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases pursuant to LCvR 6.1. Said Confidential Material shall be kept under seal until further order of the Court; however, Confidential Material and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Protective Order.

      4.3      The party seeking to file the Confidential Materials shall first consult with the counsel for the party who designated the Material as confidential to determine if some measure less restrictive than filing the Material under seal may serve to provide adequate protection. A mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. The parties should meet and confer in good faith to address the sealing (or filing in a redacted format) of those portions of the Materials that contain or refer to confidential information.

**5.      <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>**

      5.1      A Receiving Party may use Confidential Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Confidential Material may be disclosed only to the categories of persons and under the conditions as are described herein. Disclosure of Confidential Materials other than in accordance with the terms of this Protective Order may subject the disclosing party to such sanctions and remedies as the Court may deem appropriate.

      Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective

Order.

5.2 Disclosure of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, Confidential Material may be disclosed only to the following persons and only to the extent such persons have a legitimate need to know the particular Confidential Material disclosed to them:

a. Attorneys of Record;

b. Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

c. Parties to this Action and their in-house attorneys, officers, directors, and employees;

d. Insurance adjusters and/or third-party administrators responsible for handling this matter on behalf of the Parties to this action;

e. Experts or consultants, provided that prior to any disclosure the Attorney of Record who retains the outside expert or consultant obtains a signed "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

f. The Court or persons employed by the Court in connection with the handling of this Action;

g. Litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

h.  Any actual or potential witness in this Action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), or otherwise agrees in writing that he/she will not disclose the Confidential Material to anyone, provided that Attorney of Record believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings;

i.  Any deponent in this Action who has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) or has agreed to maintain the confidentiality of such documents as set forth in section 2.1.b.ii. above, except that an employee of a Producing Party need not sign Exhibit A with regard to the Producing Party's Confidential Material.

j.  The author(s) of the document, any persons who received the document other than as part of a lawsuit, claim, or litigation, or the original source(s) of the document;

k.  Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings, if any, and who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

l.  Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

m.  Any other person who signs an undertaking in the form of Exhibit A, agreeing in

writing to be bound by the terms and conditions of this Protective Order, consenting to the jurisdiction of the Court for the purposes of the enforcement of this Protective Order, and agreeing not to disclose or use any Confidential Material in a manner or for purposes other than those permitted hereunder.

n.  Any other person as to whom the Producing Party has consented to disclosure in advance and in writing. Consent will not be unreasonably withheld upon good faith request.

5.3  Before disclosing any Confidential Materials to any person specified in paragraphs 5.2(e), (g), (h), (i), (k), or (l), above, disclosing counsel shall advise said persons of this Protective Order and said person must agree in writing to the non-disclosure agreement attached hereto as Exhibit A, which states that such persons agree (1) to be bound by the terms hereof, (2) to maintain the Confidential Materials in confidence, and (3) not to disclose the Confidential Materials to anyone other than in accordance with the terms of this Protective Order. Each party shall maintain a file containing such certifications.

5.4  Nothing in this Protective Order restricts a Producing Party's ability to use or disclose its own Confidential Materials.

**6. CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Material, the Receiving Party must so notify the Producing Party in writing by e-mail within ten (10) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly notify in writing the party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this

Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

If the Producing Party timely seeks a protective order from the court where the subpoena or order issued and provides timely notice of such filing to the Party served with the subpoena or court order, then the Party so served shall not produce any Confidential Material before a determination by that court, unless the party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Confidential Material.

**7.      UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must promptly (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

**8.      USE OF CONFIDENTIAL MATERIAL IN COURT HEARINGS**

Confidential Material may be introduced by a party at a court hearing in this Action provided that any disputes that may arise with regard to its use will be resolved by the Court at the time and prior to the introduction of the Confidential Material. The party seeking to introduce Confidential Material at the Court hearing shall notify the Producing Party no later than the day before the hearing of any such intent. Nothing in this Protective Order shall determine the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to

pursue other appropriate judicial action with respect to any ruling made by the Court.

The terms of this Protective Order shall not be construed as any limitation upon the right of any party to offer into evidence any documents, response, or information designated as confidential.

9. **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

At the conclusion of this Action, or any action transferred by the Court to a different venue, including any appeals from any judgment or order entered by the Court or any transfers of a particular case by this Court, at the request of the Producing Party, the Receiving Party shall, with regard to any Materials not unsealed during the Action, retrieve all Confidential Materials from testifying experts, consulting experts, and any other person or entity to whom the Receiving Party has disclosed Confidential Materials, and, at its option, within thirty (30) days either: (1) destroy all Confidential Materials received by such party and shall certify in writing that such destruction has occurred; or (2) return all received Confidential Materials to the Producing Party and certify in writing that all such discovery materials have been returned. If the Producing Party is not notified of which option the Receiving Party has chosen, it will be presumed that option (1) was chosen. Upon written request of the Producing Party, the Receiving Party shall confirm that one of the foregoing options has been implemented. However, notwithstanding any other provision of this paragraph, all Confidential Materials shall remain subject to this Protective Order.

10. **MISCELLANEOUS**

10.1 This Protective Order shall be binding upon the parties hereto, counsel for the

parties, and upon the parties' and their counsels' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The parties, their counsel and employees of such counsel, and their expert witnesses, consultants and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Protective Order.

10.2     This Court retains jurisdiction over the parties, counsel for the parties, and all persons, firms, corporations or organizations to whom this Protective Order applies for purposes of enforcement of this Protective Order following the conclusion of this action.

10.3     <u>Right to Assert Other Objections</u>.  No party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.4     <u>Disposition of Confidential Materials</u>.  The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation. Any motion, memorandum, document or paper filed with the court is presumptively a public document and any decision regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

**SO ORDERED**.

Signed: January 7, 2025

Susan C. Rodriguez
United States Magistrate Judge

WE ASK FOR THIS:


*/s/ Jeffrey A. Breit*_____
Jeffrey A. Breit, Esq. (NCSB No. 17820)
Lee Adair Floyd, Esq., *admitted Pro Hac Vice*
Sarah G. Sauble, Esq., *admitted Pro Hac Vice*
Breit Biniazan, PC
2100 East Cary Street, Ste. 310
Richmond, VA 23223
Telephone: 757-622-6000
Facsimile: 757-670-3939
Jeffrey@bbtrial.com
Lee@bbtrial.com
Sarah@bbtrial.com
*Counsel for Plaintiffs*



*/s/ Todd A. King*_____
Todd A. King (NCSB No. 28621)
Cranfill Sumner LLP
P.O. Box 30787
Charlotte, North Carolina 28230
Telephone: 704-332-8300
Facsimile: 704-332-9994
tking@cshlaw.com
*Counsel for Defendant Parking Management Company*



/s/Charles A. Kinney_____
Charles A. Kinney (NCSB No. 41367)
Thomas G. Tidwell, *admitted Pro Hac Vice*
Luciana Aquino, *admitted Pro Hac Vice*
Cozen O'Connor
301 S. College Street, Suite 2100
Charlotte, North Carolina 28202
Telephone: 704-348-3466
Facsimile: 704-334-3351
tjoyce@cozen.com
cakinney@cozen.com
*Counsel for Defendants Marriott International, Inc., CWI 2 Charlotte Hotel, LP, and Charlotte 2 Hotel Operator, LLC.*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

**JOHN DOE and JANE DOE,**
    **Plaintiff,**

v.                                                           **CIVIL NO. 3:24-cv-344**

**MARRIOTT INTERNATIONAL, INC., et al.**
    **Defendants.**

## EXHIBIT A TO THE PROTECTIVE ORDER

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I acknowledge that Confidential Materials are being provided to me pursuant to the terms and conditions of the Protective Order entered in the above styled action on _____, 2025.

I further certify that I have been provided a copy of and have read and understand the Protective Order. I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. I understand that the Protective Order prohibits me from either using or disclosing Confidential Materials for any purpose other than as set forth in and pursuant to the Protective Order entered by the Court.

I understand that failure to abide by the terms of the Protective Order may subject me to sanctions, including contempt of court, for such failure. I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and conditions of the Protective Order.

Signed this _____ day of _____, 20\_\_.

_____

Signature

_____

Printed Name

(ADDRESS & NUMBER)