UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

JOHN DOE and JANE DOE

    **Plaintiffs,**

v.          CIVIL ACTION NO. 3:24-cv-00344

MARRIOTT INTERNATIONAL, INC., et al.

    **Defendants.**

## PLAINTIFFS' REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW, Plaintiffs John Doe and Jane Doe, by counsel, state as follows in reply to Defendants' Brief in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint:

**I.    BACKGROUND**

On January 13, 2025, Plaintiffs Filed a Motion for Leave to File a Second Amended Complaint. The Second Amended Complaint does not levy any new claims or theories of liability against any currently pending party. Instead, Plaintiffs' proposed Second Amended Complaint simply levies claims identical to those before this Court against two new proposed defendants – Sodexo, Inc., d/b/a Marriott Services, LLC and Marriott Hotel Services, LLC. Since the filing of Plaintiffs' Motion, counsel for current defendant Parking Management Company has represented it takes no position on the Court's consideration of this motion. Defendants Marriott International, Inc., CWI 2 Charlotte Hotel, LP, and Charlotte 2 Hotel Operator, LLC (hereinafter the "Opposing Defendants"), however, filed an opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint. The Opposing Defendants argument seeking a denial of this

motion can be a reduced to a single point— Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied because Plaintiffs' failure to rely on representations from opposing counsel outside the discovery record caused a delay in bringing this motion. In support of this granular contention, Opposing Defendants spill fifteen pages of ink fraught with mudslinging about points in time in which they believe Plaintiffs' counsel should have accepted the representation of opposing counsel outside the discovery record to make the decision to seek leave of this Court to file the proposed Second Amended Complaint. Plaintiff will spare the Court by declining to respond to the personal dispersions and dissensions that are wholly inapposite to this Court's consideration of Plaintiffs' Motion for Leave to File a Second Amended Complaint. For the reasons set forth more fully below, the points raised by the Opposing Defendants are all irrelevant and / or an insufficient basis for this Court to deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

## II.  LAW AND ARGUMENT

A. <u>Defendants Opposition is Silent on the Existence of Factors to Support Denying Leave to Amend Under the Liberal Standards of Rule 15</u>

As set forth in Plaintiffs' Brief in Support of their Motion for Leave to File a Second Amended Complaint, the Fourth Circuit has provided that leave to amend under Rule 15's favorable standard "should only be denied when the amendment would be a prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." <u>Laber v. Harvey</u>, 438 F.3d 404, 426 (4th Cir. 2006). None of the three circumstances that the Fourth Circuit provides as bases for denying leave to amend exist here.

First, Opposing Defendants have not asserted any party would suffer any prejudice as a result of adding the two additional defendants. The discovery process is at an early juncture. To

date, only a single deposition has been taken of a non-party former employee. No deposition of any party has been taken, or even scheduled as of the date of this filing. Accordingly, any newly added parties would have the opportunity to participate in the discovery process at the same instance as the currently pending parties, and no witness would need to subject to a second deposition.

Second, Defendants have not pled facts to support that the proposed amendment was brought in bad faith. While the parties have a disagreement about the propriety of the timing of the motion, Opposing Defendants cannot demonstrate that Plaintiffs seek this amendment in bad faith. "Bad faith requires some improper purpose lurking behind the amendment." Peamon v. Verizon Corp., 581 F. App'x 291, 292 (4th Cir. 2014). "Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage." GSS Properties, Inc. v. Kendale Shopping Center, Inc., 119 F.R.D. 379 citing 6 C. Wright & A Miller, *Federal Practice and Procedure* § 1487 n. 63 (1971 and 1987 Supp.). Nothing about this amendment is abusive or provides Plaintiffs even a scintilla of tactical advantage. The amendment would not force any delays in the proceeding given the status of discovery. Additionally, this Court's scheduling order would allow flexibility to extend discovery if necessary for the new parties because while discovery is set to close on April 7, 2025, trial is not set to begin until October 6, 2025. Accordingly, flexibility can be afforded to the parties without the Court having to make changes to its docket and the trial date.

With respect to the third and final factor this Court should consider in determining whether Plaintiffs should be granted leave to file the proposed Second Amended Complaint, there is absolutely no claim that the amendment would be futile. Instead, the Second Amended Complaint simply levies the same well pled claims against the currently pending defendants,

against two entities that Plaintiffs now believe were involved in relevant operations at the Subject Premises.

Accordingly, because Defendants have not and cannot show that the proposed Second Amended Complaint would cause undue prejudice, that it is brought in bad faith, or that it would be futile, this Court should grant Plaintiffs' Motions for Leave to File a Second Amended Complaint.

B.  <u>Defendant's Suggestion that Plaintiffs Delayed Bringing this Motion is Insufficient Grounds to Deny Leave to Amend</u>

As set forth above, the timing of proposed Second Amended Complaint is the sole grounds Defendants oppose it (despite any showing of futility, prejudice, or bad faith). Even if we were to assume, *arguendo*, that Plaintiffs were at fault for some level of delay in seeking this leave, it is well settled law that "delay alone is an insufficient reason to deny a plaintiff's motion to amend." <u>Laber v. Harvey</u>, 438 F.3d404 (4th Cir. 2006). Other courts in this circuit have reiterated that "a district court may deny leave to amend when there has been bad faith on the party of the moving party. Delay alone is an insufficient reason to deny leave to amend unless the delay is accompanied by bad faith." <u>United States ex rel. Nicholson v. MedCom Carolinas, Inc.</u>, 2021 U.S. Dist. LEXIS 48594 (M.D.N.C. 2021). As set forth above, Defendants have not and cannot make a showing that the Motion for Leave to File a Second Amended Complaint is brought in bad faith. Instead, Plaintiffs' sole motivation in seeking this leave is to ensure that all parties they believe are culpable for the serious and traumatic injuries they suffered are joined in this action so that justice can be fulsomely served.

### III. CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court grant their Motion for Leave to File a Second Amended Complaint and deem the Proposed Second Amended Complaint filed as of the date of the Order granting this Motion.

Respectfully submitted,
**JOHN DOE and JANE DOE, Plaintiffs,**
**By Counsel**

Dated: February 3, 2025
/s/      Jeffrey A. Breit
Jeffrey A. Breit, Esq. (NCSB No. 17820)
Lee Adair Floyd, Esq., *admitted Pro Hac Vice*
Sarah G. Sauble, Esq., *admitted Pro Hac Vice*
BREIT BINIAZAN, PC
2100 East Cary Street, Ste. 310
Richmond, VA 23223
Telephone: 757-622-6000
Facsimile: 757-670-3939
Jeffrey@bbtrial.com
Lee@bbtrial.com
Sarah@bbtrial.com
*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 3, 2025, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF System and was thereby served on all counsel of record.

/s/ Jeffrey A. Breit
Jeffrey A. Breit, Esq. (NCSB No. 17820)